UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL K. ROBERTSON,

    Plaintiff,

v.                                                                 Case No. 1:17-cv-911
                                                                 Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff alleged a disability onset date of April 18, 2014. PageID.256. Plaintiff identified his disabling conditions as left eye macular degeneration, degenerative disc disease in low back and neck, and sharp pain in feet. PageID.260. Prior to applying for DIB and SSI, plaintiff completed one year of college and performed work in information technology (tech support specialist and user support analyst) and in customer satisfaction (auto parts sales). PageID.43, 261. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 15, 2016. PageID.34-45. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

#### I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 18, 2014, and that he met the insured status of the Social Security Act through September 30, 2018. PageID.36. At the second step, the ALJ found that plaintiff had severe impairments of: central serous retinopathy, left eye, with headaches; age-related macular degeneration; Miller-Fisher variant of Guillain-Barre syndrome; degenerative disc disease of the cervical and lumbar spine, status-post remote history of cervical and lumbar surgeries; degenerative joint disease, left knee; and polyneuropathy. PageID.36. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.37-38.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally balance and climb; occasionally push/pull with the lower extremities; can perform no work requiring fine visual acuity (defined as handing [sic] or working with small objects such as screws, nuts, or wires); and he must use a cane for walking.

PageID.38. The ALJ also found that plaintiff was not capable of performing any past relevant work. PageID.43.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level. PageID.44-45. Specifically, the ALJ found that plaintiff could perform the requirements of the sedentary and semi-skilled occupation of data entry clerk, with 10,000 jobs in the State of Michigan. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from April 18, 2014 (the alleged onset date) through June 15, 2016 (the date of the decision). PageID.45.

## III. DISCUSSION

Plaintiff set forth one issue (with sub-issues) on appeal:

**The ALJ's residual functional capacity (RFC) findings are not supported by substantial evidence as required under 20 C.F.R. §§ 404.1520a and §404.1545, and SSR 98-6p.**

**A. The ALJ failed to give proper weight to the findings and opinion of Plaintiff's treating physician, as required by 20 C.F.R. §404.1527(c).**

**1. The ALJ failed to give Dr. Halley's opinions proper weight and failed to address Dr. Halley's opinions using the criteria required in 20 C.F.R. §404.1527(c).**

**2. The ALJ failed to provide a sufficient explanation or references to the evidence in support of his decision to give Dr. Halley's opinions less than controlling weight.**

**3. The ALJ gave "partial" weight to the opinion of non-examining DDS physician Shanti Tanna, M.D. (as opposed to little weight to Dr. Halley's opinion) even though Dr. Tanna's findings were made months prior to the diagnosis of Plaintiff's demyelinating polyneuropathy [CIPD] / Guillain-Barre disease.**

**4. Based on the VE testimony, had the ALJ given proper weight to Dr. Halley's findings, plaintiff met his burden of showing he could not have performed his past work or any other work.**

Plaintiff contends that the ALJ improperly evaluated the opinion of his treating physician, Dr. Halley. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has

5

examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Halley's opinion as follows:

> David Halley, M.D., the primary care physician, opined in August 2015 that the claimant was essentially limited to the sedentary exertional level with other restrictions that are clearly work preclusive. For example, Dr. Halley offered that the claimant could lift 10 pounds occasionally and 5 pounds frequently, but more important, he indicated the claimant required unscheduled breaks every 15 to 20 minutes, each lasting 10 minutes. Also, the claimant could only sit for about four hours, and stand and/or walk for about three hours, which combines to only about seven hours total in an eight-hour workday. Moreover, though by no means the last of the limitations expressed by Dr. Halley, the claimant would have frequent

> interference in his ability to maintain attention and concentration because of pain and stress and he would be off task more than 30 percent of a workday (Ex 10F).
>
> Despite being from a treating physician, controlling weight cannot be given to this opinion. Rather, because it is not well supported, the undersigned gives little weight to the opinion of Dr. Halley. Despite being a treating source, the record contains no positive objective findings based on physical examinations Dr. Halley performed on the claimant. Of particular note, this opinion was rendered shortly after the claimant was diagnosed with Miller-Fisher variant of Guillain-Barre syndrome for which he was still undergoing treatment. Yet, with only conservative treatment modalities such as physical therapy and medication, the claimant's symptoms were admittedly improved within months of the opinion. Therefore, the opinion was provided when the claimant was more symptomatic than at other times during the period at issue, and these symptoms were much improved shortly thereafter. Accordingly, the overall evidence does not support the level of impairment offered by Dr. Halley.

PageID.42-43.

Plaintiff's main contention is that the ALJ failed to state the evidence he relied upon in discounting Dr. Halley's opinions. There is no question that plaintiff has a number of impairments which could affect his ability to perform work-related activities. The administrative transcript contains almost 250 pages of medical records. PageID.341-519, 521-586. The ALJ recognized the complexity posed by plaintiff's medical problems and posed at least seven different hypothetical questions to the vocational expert (VE), with each question containing different limitations. PageID.113-124. Ultimately, the ALJ rejected Dr. Halley's limitations without identifying any specific medical evidence which was inconsistent with the doctor's opinions.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is

absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). Here, the Court cannot trace the path of the ALJ's reasoning with respect to Dr. Halley's opinions. In this regard, the Court notes that the ALJ's decision did not include a summary of the treatment provided by Dr. Halley. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate Dr. Halley's opinion and set forth a more complete explanation for the weight assigned to the opinion.

Finally, while plaintiff contends that the "ALJ committed reversible error when he gave 'partial' weight to the opinion of non-examining physician Shanti Tanna, M.D.," PageID.608-609, he did not develop any meaningful argument to support that claim. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the Court deems that claim of error waived.

**B. The ALJ failed to properly address plaintiff's credibility and his findings are not supported by substantial evidence.**

Plaintiff contends that the ALJ did not properly address his pain, fatigue, headaches, other non-exertional symptoms and medication side effects (dizziness and decreased concentration). Plaintiff's Brief (ECF No. 10, PageID.612). While plaintiff has characterized this as a credibility issue, he does not develop any meaningful argument. Rather, plaintiff repeats his claim that the ALJ did not give Dr. Halley's testimony proper weight. *Id.* Accordingly, the Court deems this issue waived. *See McPherson*, 125 F.3d at 995-96.

**C. The residual functional capacity (RFC) finding did not adequately address all of plaintiff's well-documented impairments.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Plaintiff contends that the ALJ's RFC was flawed because it did not address the matters reflected in Dr. Halley's opinion or plaintiff's vision problem. As discussed, the Commissioner will re-evaluate Dr. Halley's opinion on remand which may lead to a different RFC. With respect to plaintiff's vision problems, plaintiff points out that he is forced to wear an eye patch over his left eye to prevent headaches. Plaintiff notes that consulting physician Tama D. Abel, M.D., found that "continued patching of the left eye . . . is supported." PageID.405, 612. However, plaintiff did not address the conclusions or opinions expressed by the ophthalmologist who treated him. The ALJ reviewed those records and concluded that plaintiff had similar complaints of vision-related headaches going back to 2009, which led him to conclude that "the problems with the claimant's left eye were not severely limiting." PageID.39. For these reasons, plaintiff's claim of error is denied.

**D. The hypothetical question posed to the vocational expert (VE) did not accurately portray all plaintiff's well-documented impairments and it was internally inconsistent.**

Plaintiff did not address this error in the brief. Accordingly, it is denied.

**E. Plaintiff is disabled based on Dr. Halley's findings and the VE testimony.**

Plaintiff points out that if the ALJ had adopted all of the limitations found by Dr. Halley, then he would have been found disabled based upon the vocational expert's testimony that these limitations would preclude all competitive employment. Plaintiff is referring to a

hypothetical question posed to the VE which incorporated all of Dr. Halley's limitations. PageID.121-124. Based on this hypothetical, the VE stated that such a person could not perform any of plaintiff's past work or any other work. PageID.123-124. This testimony is not relevant because the ALJ did not adopt all of the limitations identified by Dr. Halley. As discussed, the Commissioner will re-evaluate Dr. Halley's opinion on remand. If that results in a different residual functional capacity, then the Commissioner should revisit whether plaintiff can perform his past relevant work or perform other work which exists in the national economy.

      **F.    At Step 5, the ALJ failed to properly identify any work plaintiff could perform.**

Plaintiff contends that there is "no such job code" (i.e., DOT No. 203.586-054) for the sedentary data entry clerk position identified by the VE. Defendant points out that the job code was mis-transcribed and that the actual number is 203.582-054. Defendant's Brief (ECF No. 11, PageID.631-632). There is no reason to remand to correct this scrivener's error. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Accordingly, this claim of error is denied.

      **IV.    CONCLUSION**

For these reasons, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate Dr. Halley's opinion. A judgment consistent with this opinion will be issued forthwith.

Dated: March 27, 2019                             /s/ Ray Kent
                                                                United States Magistrate Judge